UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Marcus Griffin, #262553, | ) | C/A No. 4:12-1163-CMC-TER |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Angie Graves (IGC), official capacity; Annie Mae Sellars, official capacity; Lieutenant James Martin, official capacity; and Ms. Pamela McDowell, official capacity, | ) | |
| Defendants. | ) | |

Marcus Griffin ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants violated his constitutional rights. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v.*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal

construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff alleges Angie Graves is an inmate grievance coordinator at Evans Correctional Institution ("Evans"), and Annie Mae Sellars is a disciplinary hearing officer at Evans. He alleges that both Graves and Sellars denied his right to due process in a variety of ways during a hearing related to a charged disciplinary violation that allegedly occurred on June 14, 2011. Plaintiff alleges on that date he was in a holding cell waiting to meet with Graves to discuss a pending grievance matter. He alleges the holding cell had no lighting and another inmate was in the cell with him. Plaintiff alleges Graves wrongfully mistook him for the other inmate in the cell who allegedly was masturbating. Graves allegedly demanded that Plaintiff be returned to his cell and his pending grievance forfeited. She also allegedly charged Plaintiff with a disciplinary violation of public masturbation and public exhibitionism. Plaintiff alleges a hearing was held on June 22, 2011, before Sellars who did not comply with due process procedural safeguards. He alleges that Sellars and Graves were biased and prejudiced against him, he was not given the right to call witnesses, and his hearing was unfair. Plaintiff alleges Sellars found him guilty as charged, and he received a sentence of 365 days in segregated confinement, 180 days of loss of canteen, visitation, and phone privileges, and three days of lost good time credit.

Further, Plaintiff alleges that James Martin is an SMU dorm supervisor at Evans and Pamela McDowell is a mail room supervisor at Evans, and both of them denied his right to meaningful access to the courts. Specifically, he alleges Martin refused to allow Plaintiff to review a necessary

3

legal book that caused his appeal to be dismissed. He alleges McDowell purposefully delayed his legal mail from a court that resulted in hindering his efforts to pursue a legal claim. Plaintiff also alleges Graves denied his access to the courts when she terminated Plaintiff's pending prison grievance on June 14, 2011.

Plaintiff seeks only injunctive and declaratory relief. In particular, he requests declaratory relief such that "the South Carolina Department of Corrections comply with the inmate grievance system and promulgate a new system to deter the chances of prejudice at the disciplinary hearing by the same officials who've been affiliated with the same institution for over 5 years and who become diverse associates." He requests injunctive relief to be transferred to another SCDC institution "for fear of further arbitrary, malicious, and adverse retaliation."

## Discussion

Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Here, because Plaintiff requests relief that is not justified by applicable law, he failed to state a claim on which relief may be granted, and this action should be summarily dismissed.

Plaintiff's request for an injunction to order a prison transfer is not available. There is no constitutional right for a state prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). The placement and assignment of inmates into particular institutions or units by state corrections departments are discretionary functions, and those decisions are not subject to review *unless* state or federal law places limitations on official discretion. *Cf. Hayes v. Thompson*, 726 F.2d 1015, 1017 (4th Cir. 1984) (remanding the case for a determination of whether Virginia prison regulations limit prison officials' discretion to transfer inmates). South Carolina law confers no protected liberty interest upon SCDC inmates from being placed in a particular prison, in a particular section of the prison, or being placed in administrative segregation. *See Phillips v. South Carolina Dep't of Corr.*, C/A No. 8:10-1331-HFF-BHH, 2010 WL 2756910 (D.S.C. June 17, 2010), *adopted by,* 2010 WL 2754223 (D.S.C. July 12, 2010). Because Plaintiff was committed to the custody of SCDC, the choices of where Plaintiff is to be confined are to be determined by SCDC prison officials without interference by the federal courts. *See Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976) (noting that the district court properly found that a prison committee's decisions regarding institutional placement, security classifications, and job assignments were not subject to constitutional scrutiny).

Additionally, Plaintiff requests a declaration that SCDC must comply with the inmate grievance system and to require SCDC to "promulgate a new system to deter the chances of

prejudice at the disciplinary hearing...," which relief is not available. This Court believes that the crux of that request is to establish that Plaintiff's June 22, 2011, disciplinary conviction is invalid because he was prejudiced during his disciplinary hearing. However, Plaintiff is not permitted to seek to invalidate his disciplinary conviction (where he lost good time credits) in this § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus); *Dicks v. South Carolina Dep't of Corr.*, C/A No. 9:06-663-HFF-GCK, 2006 WL 1207851 (D.S.C. May 2, 2006), *appeal dismissed*, 199 F. App'x 213 (4th Cir. 2006). Additionally, there is no constitutional right to participate in grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, Plaintiff's request that SCDC be ordered to create a "new system" asks this Court to substitute its judgment about SCDC procedures for the judgment of prison administrators, but that would not be appropriate. *See Lovelace v. Lee*, 472 F.3d 174, 192-93 (4th Cir. 2006) (noting that courts should not plunge into prison policymaking); *Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004) (noting that "the Supreme Court has cautioned that we should be hesitant to substitute our judgments for those of prison administrators"). Finally, Plaintiff's request may be viewed as seeking a "new system" for the benefit of all SCDC inmates. The *pro se* Plaintiff, however, lacks standing to sue on behalf of other SCDC prisoners. *See Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one *pro se* inmate does not have standing to sue on behalf of another inmate).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v.*

6

*Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

|  |  |
|---|---|
| June 1, 2012 | s/Thomas E. Rogers, III |
| Florence, South Carolina | Thomas E. Rogers, III |
|  | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).